UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Marilynn Phillips
2673 Oswald Drive
Hampstead, Maryland 21074

    Plaintiff,

vs.                                      CASE NO.

Kelsey's Restaurant, Inc.
8480 Baltimore National Pike
Ellicott City, Maryland 21043

    Defendant

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Jurisdiction and Venue

1. This is an action for declaratory and injunctive relief, under the Americans With Disabilities Act of 1990, 42 U.S.C. §12101 et. seq. (the "ADA"), which prohibits discrimination against persons with disabilities with regard to their full enjoyment of and access to places of public accommodations.

2. The Court has jurisdiction to entertain this action under 28 U.S.C. §§1331 and 1343, as a case arising under a federal civil rights law.

3. Venue is proper under 28 U.S.C. § 1391(b) and applicable Local Rules, in that all material events occurred within the Court's assigned geographical area.

### Parties

4. Plaintiff, Marilynn Phillips ("Phillips"), is an adult resident of Maryland, and an individual with a disability substantially limiting a major life activity, covered by the ADA, in that she has post-polio, and uses a wheelchair for mobility.

1

5.Defendant, Kelsey's Restaurant, Inc. ("Kelsey's"), a Maryland corporation authorized to do business in this state and the owner and/or operator of a restaurant known as Kelsey's Restaurant & Irish Pub, located at 8480 Baltimore National Pike, Ellicott City, Maryland ("Restaurant").

### The Restaurant is a Public Accommodation

6.The Restaurant is a place of public accommodation under Title III of the ADA, as defined by 42 U.S.C. §12181(7)(B).

### ADA Prohibition of Discrimination by Public Accommodations

7.Title III of the ADA, specifically 42 U.S.C. §§12182, prohibits discrimination against any individual on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person or business entity that owns, leases (or leases to) or operates a place of public accommodation, including a failure to make appropriate modifications in policies, practices or procedures, and/or to remove architectural barriers that are structural in nature, in existing facilities, where such removal is readily achievable.

### Architectural Barriers to Access

8.There are architectural barriers at the Restaurant, which include but are not limited to the following:

a)There is no standard accessible toilet stall provided in the women's toilet room;

b)The entry door to the men's toilet room requires in excess of 5 pounds of force to operate;

c)The hot water and drainpipes underneath the common use lavatory are not insulated;

2

9.      By failing to remove existing architectural barriers, Kelsey's has discriminated against persons with disabilities, specifically those with mobility impairments, by denying them full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the Restaurant, in violation of Title III of the ADA, specifically 42 U.S.C. §12182 (a).

### Failure to Remove Barriers and/or Modify Policies:  Unlawful Discrimination

10.     Kelsey's has failed to remove the above mentioned architectural barriers at its Restaurant and make reasonable modifications in its policies, practices and procedures to afford full and equal access and enjoyment of the Restaurant by persons with disabilities covered by Title III of the ADA, in violation §42 U.S.C. 12182(b)(2)(A).

### Standing

11.     Earlier this year, Phillips planned a trip to Ellicott City, and called the Restaurant to inquire if it was accessible to people with disabilities, specifically, mobility impairments such as hers, and was informed by an employee of the Restaurant of the presence of the architectural barriers at the premises.

12.     Upon learning this information, plaintiff cancelled her trip to Ellicott City, and the Restaurant in particular, and therefore suffered an injury in fact in that her full and equal enjoyment of the Restaurant was denied and curtailed by the presence of the architectural barriers set forth above.

13.     Prior to filing this action, plaintiff engaged someone to investigate the architectural barriers at the Restaurant on her behalf, who confirmed for plaintiff the presence of the architectural barriers set forth herein.

14. Phillips intends to visit the Restaurant upon the removal of the architectural barriers.

WHEREFORE, Phillips demands judgment against Kelsey's, and requests:

A. That the Court declare that the place of public accommodation at issue in this case, to wit, Kelsey's Restaurant and Irish Pub, owned, leased and/or operated by Kelsey's, is not readily accessible to Phillips in violation of the ADA;

B. That the Court enter an order directing Kelsey's to alter and renovate the place of public accommodation at issue in this case, to wit, Kelsey's Restaurant and Irish Pub, to make it readily accessible to and usable by individuals with disabilities to the full extent required by the ADA;

C. That the Court enter an order directing Kelsey's to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete the alterations and renovations at the place of public accommodation at issue in this case, to wit, Kelsey's Restaurant and Irish Pub;

D. That the Court award reasonable attorneys' fees, litigation costs (including expert fees) and other expenses of suit, to Phillips; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully submitted,

/s/ Joel R. Zuckerman
Joel Zuckerman
Federal Bar No. 12730
Maxwell & Barke LLC
51 Monroe Street, Suite 806
Rockville, MD 20850
Telephone: (301) 309-8300
Facsimile: (301) 309-8303
*Attorneys for the plaintiff*